OPINION OF THE COURT
Robert W. Doyle, J.
A hearing was held by this court on January 24,1983 at which the essential facts were stipulated to. A recital of such facts are set forth in plaintiff’s posthearing memorandum of law as follows:
“On May 2, 1980, infant Steven Vricciariello was struck by a vehicle owned and operated by Michelle Lewis. Prior to the accident Lewis had automobile coverage with Liberty Mutual. Vricciariello’s father had automobile [uninsured driver] coverage with Boston Old Colony. Liberty disclaimed coverage advising all parties that their policy on Lewis had been cancelled by premium default prior to the accident date.
“Chronologically, Kings Premium Service Corporation sent a Notice of Intent to cancel dated April 10, 1980 indicating a final payment date of April 25,1980. Thereafter, a Notice of Cancellation dated April 30, 1980 was mailed to the insured Lewis and to Liberty Mutual Insurance Company at its Lynbrook address advising that the *415 effective date of cancellation was May 1, 1980. The accident occurred on May 2, 1980. The Notice of Cancellation was received by the insurer [Liberty Mutual] on May 2, 1980.”
The question presented to the court for determination is whether or not an insurance company must have actual receipt of a premium finance agency’s notice of cancellation before a policy may be canceled under section 576 of the Banking Law.
Prior to amendment in 1978 (L 1978, ch 565, § 1, eff Sept. 1, 1978), section 576 (subd 1, par [d]) provided as follows: “A copy of such cancellation notice shall be sent to the insurer or insurers prior to the effective date of cancellation containing a statement that it is a true copy of the notice of cancellation served upon the insured or insureds, whereupon the insurance contract shall be cancelled with the same force and effect as if the aforesaid notice of cancellation had been submitted by the insured himself, without requiring the return of the insurance contract or contracts.”
In the case of Savino v Merchants Mut. Ins. Co. (44 NY2d 625), decided June 8, 1978, the Court of Appeals held that there was no merit in the insurer’s assertion that the common-law rule requiring actual receipt of a notice by an insurer or its agent to effect the cancellation of the policy (Russ Togs, Inc. v Fidelity-Phenix Ins. Co., 36 AD2d 706, affd 32 NY2d 628) have been superseded by section 576 of the Banking Law.
Section 576 in its present form now provides, in paragraph (d) of subdivision 1, the following: “After the notice in paragraph (a) above has expired, the premium finance agency may thereafter, in the name of the insured, cancel such insurance contract by mailing to the insurer a notice of cancellation stating when thereafter the policy shall be cancelled, and the insurance contract shall be cancelled as if such notice of cancellation had been submitted by the insured himself, but without requiring the return of the insurance contract. A copy of the notice of cancellation shall also be mailed to the insured.” (Emphasis supplied.)
Thus defendant contends Savino (supra) no longer ap *416 plies because the amendment to section 576 eliminates the requirement that notice of cancellation be mailed to the insurer prior to the effective date of cancellation. This assertion is likewise without merit.
The declared legislative purpose in amending section 576 was “To provide advance notice of the impending cancellation of automobile insurance to consumers who finance such insurance through premium finance agencies” (Legislative memorandum issued in connection with L 1978, ch 565, McKinney’s Session Laws of NY, 1978, p 1744) and to eliminate coverage lapses brought about by the misinterpretation of insureds to the effect of the “unconditional written notice” of cancellation served upon them under former section 576. The problem that existed and its intended solution are described in Matter of Fagan v Liberty Mut. Ins. Co. (85 AD2d 637, 639).
It is patently clear that an insured’s policy is not canceled by the mere service of a notice of intent to cancel upon the insured. Under paragraph (d) of subdivision 1 cancellation is effected when the time specified in the notice of intent to cancel has expired without the default having been cured and the premium finance agency thereafter, in the name of the insured, cancels “such insurance contract by mailing to the insurer a notice of cancellation stating when thereafter the policy shall be cancelled”. Any doubt that notice of cancellation is required to be sent to the insurer in order to effect a cancellation of the policy evaporates upon reading the last sentence of section 576, to wit: “A copy of the notice of cancellation shall also be mailed to the insured.” (Emphasis supplied.) “Also” is meaningless unless a concomitant requirement to mail a notice to another (the insurer) is present.
Based upon the foregoing, the court determines that the common-law requirement of actual receipt by the insurer or its agent of the notice of cancellation in order to effect a cancellation of the policy has not been superseded by section 576 of the Banking Law.
Since the notice of cancellation was admittedly received by the insurer on the same day as the accident, under Savino v Merchants Mut. Ins. Co. (supra, p 630) the con *417 tract of insurance is here adjudged to have been in force and effect for the whole of that day, that is, until midnight of the day of receipt.